# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                              Case Number   2:9cr463-1

ALLISON NEIL

Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, ALLISON NEIL, was represented by John Caruso, Esq.

The defendant pled guilty to count(s) 1 of the Information on 19 June 2009. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to Distrubute and Possess W/I to Distribute Cocaine | 5/08 to 9/08 | 1 |

As pronounced on 5 January 2012, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 6th day of January, 2012.

DENNIS M. CAVANAUGH
United States District Judge

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 5

Defendant:      ALLISON NEIL
Case Number:    2:9cr463-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 12 Months, and 1 day.

The Court makes the following recommendations to the Bureau of Prisons: facility close to family

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons .

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
    Deputy Marshal

Defendant:     ALLISON NEIL  
Case Number:   2:9cr463-1

Judgment – Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court. The defendant must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

In addition, the defendant shall comply with the following special conditions:

COOPERATION WITH IMMIGRATION AND CUSTOMS ENFORCEMENT

You shall cooperate with Immigration and Customs Enforcement to resolve any problems with your status in the United States. You shall provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. If deported, you shall not re-enter the United States without the written permission of the Attorney General. If you re-enter the United States, you shall report in person to the nearest U.S. Probation Office within 48 hours.

MENTAL HEALTH TREATMENT

You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.

Judgment – Page 4 of 5

Defendant:     ALLISON NEIL
Case Number:   2:9cr463-1

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

Judgment – Page 5 of 5

Defendant: ALLISON NEIL
Case Number: 2:9cr463-1

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                    Defendant                                Date


_____
U.S. Probation Officer/Designated Witness         Date

DEFENDANT: ALLISON NEIL
CASE NUMBER: 2:9cr463-1
DISTRICT: District of New Jersey

# STATEMENT OF REASONS
*(Not for Public Disclosure)*

## I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) *(Use page 4 if necessary.)*

1 ☐ Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐ Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II   COURT FINDING ON MANDATORY MINIMUM SENTENCE   *(Check all that apply.)*

A ☐ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☑ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐ findings of fact in this case

   ☐ substantial assistance (18 U.S.C. § 3553(e))

   ☑ the statutory safety valve (18 U.S.C. § 3553(f))

## III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE   *(BEFORE DEPARTURES):*

Total Offense Level: 27
Criminal History Category: I
Imprisonment Range: 70 to 87 months
Supervised Release Range: 3 to 5 years
Fine Range: $ 12,500.00 to $ 4,000,000.00

☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: ALLISON NEIL
CASE NUMBER: 2:9cr463-1
DISTRICT: District of New Jersey

# STATEMENT OF REASONS
(Not for Public Disclosure)

**IV  ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. *(Use page 4 if necessary.)*

C ☑ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. *(Also complete Section V.)*

D ☐ The court imposed a sentence outside the advisory sentencing guideline system. *(Also complete Section VI.)*

**V  DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** *(If applicable.)*

A **The sentence imposed departs** *(Check only one.):*
   ☑ below the advisory guideline range
   ☐ above the advisory guideline range

B **Departure based on** *(Check all that apply.):*

   1  **Plea Agreement** (Check all that apply and check reason(s) below.):
      ☑ 5K1.1 plea agreement based on the defendant's substantial assistance
      ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
      ☐ binding plea agreement for departure accepted by the court
      ☐ plea agreement for departure, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense departure motion

   2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 government motion based on the defendant's substantial assistance
      ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
      ☐ government motion for departure
      ☐ defense motion for departure to which the government did not object
      ☐ defense motion for departure to which the government objected

   3  **Other**
      ☐ Other than a plea agreement or motion by the parties for departure *(Check reason(s) below.):*

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D **Explain the facts justifying the departure.** *(Use page 4 if necessary.)*

DEFENDANT: ALLISON NEIL
CASE NUMBER: 2:9cr463-1
DISTRICT: District of New Jersey

# STATEMENT OF REASONS
*(Not for Public Disclosure)*

## VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
*(Check all that apply.)*

**A** **The sentence imposed is** *(Check only one.):*
- ☐ below the advisory guideline range
- ☐ above the advisory guideline range

**B** **Sentence imposed pursuant to** *(Check all that apply.):*

1. **Plea Agreement** *(Check all that apply and check reason(s) below.):*
   - ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
   - ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
   - ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2. **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.):*
   - ☐ government motion for a sentence outside of the advisory guideline system
   - ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
   - ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3. **Other**
   - ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system *(Check reason(s) below.):*

**C** **Reason(s) for Sentence Outside the Advisory Guideline System** *(Check all that apply.)*
- ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
- ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A)
- ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
- ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
- ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
- ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
- ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

**D** **Explain the facts justifying a sentence outside the advisory guideline system.** *(Use page 4 if necessary.)*

DEFENDANT: ALLISON NEIL
CASE NUMBER: 2:9cr463-1
DISTRICT: District of New Jersey

## STATEMENT OF REASONS
*(Not for Public Disclosure)*

**VII COURT DETERMINATIONS OF RESTITUTION**

A ☑ Restitution Not Applicable.

B ☐ Total Amount of Restitution: $ _____

C Restitution not ordered *(Check only one.)*:

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. *(Explain.)*

D ☐ Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE**  *(If applicable.)*

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 30 March 1979

Defendant's Residence Address:
2552 Pitkin Ave. #3
Brooklyn, NY 11208

Defendant's Mailing Address:
same

Date of Imposition of Judgment
5 January 2012

Signature of Judge

Dennis M. Cavanaugh, U.S.D.J.
Name of Judge          Title of Judge

Date Signed 6 January 20112